IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE AND ANNUITY FUNDS,  )<br>)<br>)<br>Plaintiff,                      )<br>)<br>v.                              )<br>)<br>J & S COMPANIES, INC. and KEVIN )<br>BOLES,                           )<br>)<br>Defendants.                      ) | Case No. 3:06-cv-188-MJR |

**ORDER**

This matter is before the Court on the Entry of Default filed by the Clerk of Court on May 3, 2006 (Doc. 7).  The entry is **VACATED IN PART** with respect to the individual defendant, Kevin Boles.

### BACKGROUND

The Plaintiff filed a complaint on March 2, 2006.  On March 10, 2006, a process server served both defendants by leaving a copy of the summons and complaint with Jim Wells, the General Manager of the Defendant J&S Companies[1] (Docs. 3, 4).  In addition, J&S Companies' registered agent, CT Corporations System (in Chicago, IL), was served by Sheriffs Deputy Strom on March 20, 2006 (Doc. 5).

On April 6, 2006, the Plaintiff sought entry of default against both defendants in light of the defendants' failure to serve an answer or otherwise plead.  On May 3, 2006, the Clerk of Court entered default against these two defendants.  Default judgment, however, has not been entered.

---

[1] The business address of J&S Companies is 5826 South Broadway, St. Louis, Missouri 63114.

**DISCUSSION**

Federal Rule of Civil Procedure 4(e) provides, in part, that service upon an individual is effected by serving the summons and complaint upon the individual personally or by leaving a copy with an appropriate person at the defendant's "dwelling house or usual place of abode." The Rule goes on to allow for service in the manner prescribed by the state in which this Court sits or the state "in which service is effected."  From the Return of Service (Doc. 3), it appears that the plaintiff attempted to serve the individual defendant, Kevin Boles, in Missouri. Therefore, for purposes of Rule 4(e)(1), the relevant rules are those of Illinois and Missouri. Illinois law provides for service upon an individual in a similar manner to the Federal Rules, 735 ILCS 5/2-203, as does Missouri.  MO. ANN. STAT. §506.150(1)(1) (West 2003).  Missouri law further allows for service "by delivering a copy of the summons and of the petition to an agent authorized by appointment or required by law to receive service of process."  MO. ANN. STAT. §506.150(1)(1) (West 2003).

The plaintiff served Kevin Boles by leaving a copy of the summons and complaint, via a process server, with Jim Wells, the General Manager of J&S Companies at the corporate address in Missouri.  On its face, then, the return of service does not indicate that the address is a place of abode.  In the plaintiff's motion for entry of default, there is no indication of whether Jim Wells is an agent under Missouri law or whether the corporate address is a place of abode which would make service proper under the laws cited above.  As such, this Court cannot find that service was properly made upon Kevin Boles such that default may be entered.[2]  Of course, the

---

[2] Service upon the corporation appears to be proper as the plaintiff served its registered agent, CT Corporation (Doc. 5).

corporate address may be Kevin Boles' dwelling house and Jim Wells may be an agent authorized to received process on his behalf; however, without an affidavit stating as much, the motion and "executed" summons are insufficient.[3]

## CONCLUSION

For the reasons set forth above, the Clerk's Entry of Default is **VACATED IN PART** with respect to defendant Kevin Boles.  The entry of default stands with respect to defendant J&S Companies, Inc.  In light of this ruling, the Motion for Entry of Default is **GRANTED IN PART and DENIED IN PART** (Doc. 6).  Default judgment will not be entered until an appropriate motion has been filed pursuant to Rule 55(b).

**DATED: May 15, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[3] The motion itself indicates that the "defendant has failed to plead or otherwise defend . . . ."  The use of the singular noun perhaps may indicate that the plaintiff only sought entry of default against the corporate defendant.